01

02

03

04

05 UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
06 AT SEATTLE

07 RAFAEL REYES COLORES,           )
                                    ) CASE NO. C12-1327-RSM-MAT
08         Petitioner,              )
                                    )
09     v.                           ) REPORT AND RECOMMENDATION
                                    )
10 NATHALIE ASHER, ICE Field Office )
   Director,                        )
11                                  )
           Respondent.              )
12 _____ )

13        Petitioner Rafael Reyes Colores filed a petition for writ of habeas corpus under 28

14 U.S.C. § 2241, challenging the lawfulness of his detention by the United States Immigration

15 and Customs Enforcement ("ICE"), and seeking either supervised release or a bond hearing.

16 (Dkt. 7.)  Respondent filed a motion to dismiss in response to the habeas petition, arguing that

17 petitioner was lawfully detained pursuant to a reinstated final order of removal.  (Dkt. 13.)

18 While that motion was pending, petitioner was released from detention after posting bond in the

19 amount of $3500.  (Dkt. 15, Ex. A.)  Because the requested relief is no longer available, the

20 Court recommends that petitioner's habeas petition be DENIED, respondent's motion to

21 dismiss be GRANTED, and this case be DISMISSED as moot.

22        Under 28 U.S.C. § 2241, a writ of habeas corpus "shall not extend to a prisoner unless .

REPORT AND RECOMMENDATION
PAGE -1

01 . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28

02 U.S.C. § 2241(c)(3).  The "in custody" requirement is satisfied at the time the petition is filed.

03 *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted).  To maintain a habeas claim, a

04 petitioner must continue to have a personal stake in the outcome of the suit throughout "all

05 stages of federal judicial proceedings."  *United States v. Verdin*, 243 F.3d 1174, 1177 (9th Cir.

06 2001).  At any stage of the proceedings, a petition may become moot "because it no longer

07 present[s] a case or controversy under Article III, § 2, of the Constitution."  *Spencer*, 523 U.S.

08 at 7.  "For a habeas petition to continue to present a live controversy after the petitioner's

09 release or deportation, however, there must be some remaining collateral consequences that

10 may be redressed by success on the petition."  *Abdala v. INS*, 488 F.3d 1061, 1064 (9th Cir.

11 2007) (citing *Spencer*, 523 U.S. at 7).

12       Here, the relief sought in the habeas petition – supervised release or a bond hearing – is

13 no longer available and there are no collateral consequences that may be redressed.  *See id*.

14 ("[W]here the grounds for habeas relief will not redress collateral consequences, a habeas

15 petition does not continue to present a live controversy once the petitioner is released from

16 custody.").  The habeas petition, therefore, has become moot and should be dismissed.  *See*

17 *id.*; *see also Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District

18 Court properly dismissed plaintiff's claims that had become either moot or unripe).

19       DATED this <u>19th</u> day of November, 2012.

20

21                                            Mary Alice Theiler

22                                            United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE -2